# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

BRIT UW LIMITED,

    Plaintiff,

  v.

311 APARTMENT LLC; LIEM DO; and VERNA EDWARDS, as Personal Representative of the Estate of Dequon Kentrel Bovian,

    Defendant.

Case No. 6:22-cv-590-CEM-RMN

## ORDER

This matter is before the Court on the Motion to Strike Exhibit A of the Amended Complaint (Dkt. 62) filed by Defendant Verna Edwards, who is the personal representative of the estate of Dequon Kentrel Bovian. Plaintiff, Brit UW Limited, opposes. Dkt. 63.

This is an insurance coverage lawsuit. Plaintiff is an insurance company. It filed this declaratory judgment action regarding its duty to defend and indemnify Defendant 311 Apartment, LLC ("311 Apartment") for the claims asserted in a state court lawsuit. Dkt. 1 at ¶ 1. That lawsuit, in turn, consists of claims that the estate brought against 311 Apartment for a

shooting that occurred on 311 Apartment's property and resulted in Mr. Bovian's death. *Id*.

Once the insurance company filed this lawsuit, the estate moved to amend its complaint in the state court action, intending to remove allegations directly referring to the shooting. *See* Dkt. 38 at 3. The state court granted the estate's motion and permitted the estate to file an amended complaint in the state case. *Id*. The insurance company then asked for this Court leave to file an amended complaint here so that the allegations in this case paralleled the allegations in the state case. *Id*. at 2–3. After this Court granted leave, Dkt. 50, the insurance company filed an amended complaint in this case, Dkt. 53.

The estate then moved to dismiss the insurance company's amended complaint (Dkt. 61) and separately moved to strike the original state court complaint that was filed as an exhibit to the insurance company's amended complaint (Dkt. 62). The estate contends that the original state court complaint should be stricken because it has no legal effect now and "no possible relation to the controversy." Dkt. 62 at 3. The insurance company counters that the original state court complaint must be considered here because it includes the estate's prior representations and is evidence of the "true facts" of what occurred. Dkt. 63 at 7–8.

A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Schmidt v. Life Ins. Co. of Am.*, 289 F.R.D. 357, 358 (M.D. Fla. 2012) (quoting *Hutchings v. Fed. Ins. Co.*, 2008 WL 4186994, at *2 (M.D. Fla. Sept. 8, 2008)). It is not intended to "procure the dismissal of all or part of a complaint." *Id*. Indeed, because motions to strike seek a drastic remedy, they are disfavored. *Reyher v. Trans World Airlines*, 881 F. Supp. 574, 576 (M.D. Fla. 1995). Consequently, a motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id*.

In short, the estate is mistaken. The original state court complaint is not irrelevant to the outcome of this case. It forms the factual backstop for the allegations in the amended complaint in this insurance case. In fact, this Court could consider the original state court complaint when it adjudicates the pending motion to dismiss even if that complaint was not attached as an exhibit because the original state court complaint could be considered central to the allegations asserted by the insurance company in this case. *See Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be

considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). And so, the only irrelevant thing here is the fact that the original state court complaint was filed as an exhibit to pleading in this case.

Thus, the estate has failed to show that Exhibit A to the amended complaint has no possible relationship to the controversy, may confuse the issues, or may otherwise prejudice a party.

Accordingly, it is **ORDERED** that the estate's Motion to Strike (Dkt. 62) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on April 27, 2023.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies furnished to:

Counsel of Record